People of State of Illinois ex rel. Julius Schoenebaum, Appellee, v. Department of Registration and Education of State of Illinois: Noble J. Puffer, Director; and Charles F. Kervin, Superintendent of Registration, Appellants.

Gen. No. 45,584.

Opinion filed January 30, 1952. Released for publication April 2, 1952.

IVAN A. ELLIOTT, Attorney General of State of Illinois, of Chicago, for appellants; WILLIAM C. WINES, RAYMOND S. SARNOW, JAMES C. MURRAY, and JOHN T. COBURN, Assistant Attorneys General, all of Chicago, of counsel.

DANIEL D. GLASSER, and JOHN F. TYRRELL, both of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendants appeal from a judgment ordering that a writ of mandamus issue directing defendants to issue

a license to the relator to practice, without examination, medicine in all its branches under the provisions of the Illinois Medical Practice Act, Illinois Revised Statutes 1949, State Bar Association Edition, chapter 91, paragraph 14 [Jones Ill. Stats. Ann. 79.14]. The cause was heard upon the complaint, respondent's answer, and relator's reply.

From the essential allegations of the complaint it appears that relator completed the regular elementary and secondary courses in education from 1910 to 1919 at Hindenburg Real gymnasium (high school) at Dortmund, Germany, and graduated therefrom December 22, 1919, which courses were and are substantially equivalent to all the requirements for similar courses of training in the State of Illinois; that relator afterwards entered the University of Muenster, Germany, taking a pre-medical course from 1920 to 1922; that he thereupon entered the University of Halle, Germany, where he pursued a medical course; that thereafter he entered the University of Heidelberg and completed a course in medicine, graduating with a degree of Doctor of Medicine on or about March 22, 1926; that he was awarded a diploma as a Doctor of Medicine by the University of Heidelberg, Germany, on the 4th day of April, 1927; that from March 30, 1926 to April 1, 1927 he served as an interne at the Evangelical Hospital "Bethaniem" in Dortmund, Germany; that on or about April 4, 1927 he was duly licensed to practice medicine; that from 1927 to 1933 he was a resident physician in three different hospitals in Germany and during that time took a post-graduate course in gynecology and obstetrics; that in 1933 he received an additional license as a Specialist in Gynecology and Obstetrics from two different States in Germany; that in 1933 relator opened his own office and practiced medicine, specializing in gynecology and obstetrics, continuously until by a decree of Chancellor Adolph Hitler in 1938 he and all other doctors of his race and creed were ordered

to abstain from the general practice of medicine; that subsequently he, with other members of Jewish faith residing in Dortmund, was incarcerated in a concentration camp; and that in 1939 he was released from the concentration camp and went to England, where he remained until April 1940 when he came to the United States.

It further appears that in 1940 relator declared his intention of becoming a citizen of the United States and that on September 29, 1945 he became a naturalized citizen; that during his residence in the United States he was employed as an interne at St. Mary's Hospital at Quincy, Illinois, and later was retained there as a house physician until April of 1950 when he accepted a position as house physician at the Peoria State Hospital, which he presently occupies; that his educational courses as heretofore stated, including pre-medical and medical subjects, and the time and extent thereof, are substantially equivalent to the requirements for a license to practice medicine in all its branches in the State of Illinois; that the universities of Muenster, Halle, and Heidelberg, attended by relator, were reputable and of good standing at the time the relator graduated therefrom, and that the examinations so taken by relator for license to practice medicine in all its branches, as well as the post-graduate courses the relator has taken in gynecology and obstetrics are more than equivalent in all substantial respects to the examination required for admission to the practice of medicine in all its branches in the State of Illinois; and that after relator became a citizen he requested of the Department of Registration and Education that a license be issued to him by reciprocity, in accordance with the provisions of the Statute, which the Department refused to do, and still so refuses.

In their answer defendants admit substantially all of the allegations in the complaint but aver that the re-

lator on seven different occasions voluntarily took written medical examinations and failed to receive a satisfactory grade in each of them; and that there is a rule of long standing relating to the administration of medical practice which provides that an applicant who has failed in the written examination before the Department is not permitted to apply for a license at a later date by virtue of the reciprocity provisions of the Medical Practice Act.

Relator filed a reply stating that the alleged "rule of long standing" is an exercise of a legislative function not conferred by the General Assembly or by the terms or provisions of the Medical Practice Act and is, therefore, void.

Defendants' sole contention is that the Department of Registration and Education in the exercise of its discretion was warranted in denying the license to relator because he failed in medical examinations.

We assume that the Department did adopt and promulgate a regulation, as stated in defendants' answer, which provides in effect that an applicant who voluntarily takes and fails to pass a medical examination is not entitled to a license, although the relator has challenged the existence of such a regulation.

Section 7 of the Medical Practice Act [ch. 91, par. 7, Ill. Rev. Stat. 1949; Jones Ill. Stats. Ann. 79.07] permits the Department to prescribe rules and regulations for all examinations. Our courts have repeatedly held that the rules of the Department may be reviewed to determine whether they are fair, reasonable, and impartial. See *Schleifer v. Department of Registration*, 326 Ill. App. 259; *People v. Frank G. Thompson*, 325 Ill. App. 95.

As we read the pleadings, defendants admit that the relator has complied with all the conditions prescribed by the Medical Practice Act, Illinois Statutes, State Bar Edition, chapter 91, paragraph 14, but

29

insist that relator is barred from obtaining a license because he voluntarily submitted to examinations and failed to secure a passing grade, after he had complied with all the requirements of paragraph 14. Under the circumstances shown by the pleadings it would seem to us that application of the regulation relied on by the defendants imposes additional conditions upon the relator not provided for in paragraph 14 or elsewhere in the Medical Practice Act. In our opinion the regulation of the Department is therefore unreasonable. Having once fully complied with the requirements of paragraph 14 the relator is entitled to a license.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

KILEY, P. J. and FEINBERG, J., concur.